

**IT IS SO ORDERED.
Signed December 17, 2014**

*Arthur S. Weissbrodt*
**Arthur S. Weissbrodt
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                          ] Case No. 11-59479-ASW
                                               ]
                                               ] Chapter 11
ESTERLITA CORTES TAPANG,                       ]
                                               ]
                                               ]
           Debtor.                             ]
_____]

**MEMORANDUM DECISION RE: BURDEN OF PROOF**

Before the Court is the question of which party bears the burden of proof on the issue of the appropriate interest rate to be applied in the context of a chapter 11 cramdown. Debtor, who is represented by attorney Francisco Aldana, contends that the Creditor bears the burden of proof, relying on the Supreme Court's decision in <u>Till v. SCS Credit Corporation</u>, 541 U.S. 465 (2004). Creditor 523 Burlingame Ave., LLC, represented by attorney David Wiseblood, argues that the Debtor has the burden of proof on all confirmation issues, including the appropriate interest rate.

For the reasons explained below, the Court finds that, although the Debtor has the overall burden of proof to show that the confirmation requirements of § 1129 are met, the Creditor has

the burden of proof on the appropriate risk factor to be applied under the "formula approach" set forth in Till.

Debtor bears the burden of proof that a chapter 11 plan complies with the confirmation requirements of § 1129. In re Arnold & Baker Farms, 177 B.R. 648, 654 (9th Cir. BAP 1994), aff'd, 85 F.3d 1415 (9th Cir. 1996). The same standard applies in the chapter 13 context. In re Welsh, 465 B.R. 843, 847 (9th Cir. BAP 2012) (debtor bears the burden of showing that all chapter 13 confirmation requirements are met).

In Till, the Supreme Court addressed the appropriate method to be used in determining a cramdown rate of interest in the chapter 13 context. The Court endorsed what it called the "formula approach," i.e., beginning with the prime rate, the court should adjust that rate upward based on relevant risk factors, including the probability of plan failure, the rate of collateral depreciation, the liquidity of the collateral market, and the administrative expenses of enforcement. Id. at 485. Notwithstanding the general rule that a debtor bears the burden of proof on confirmation requirements, the Supreme Court placed the burden on the creditor as to the appropriate risk premium:

> In our view, any information debtors have about any of [the above listed] factors is likely to be included in their bankruptcy filings, while the remaining information will be far more accessible to creditors (who must collect information about their lending markets to remain competitive) than to individual debtors (whose only experience with those markets might be the single loan at issue in the case). Thus, the formula approach, which begins with a concededly low estimate of the appropriate interest rate and requires the creditor to present evidence supporting a higher rate, places the evidentiary burden on the more knowledgeable party, thereby facilitating more accurate calculation of the appropriate interest rate.

Id. at 484-85.

Although <u>Till</u> involved chapter 13 plan confirmation, the Supreme Court made clear that its analysis was intended to apply as well to similar provisions of the Bankruptcy Code:

> [T]he Bankruptcy Code includes numerous provisions that, like the cramdown provision, require a court to discoun[t] ... [a] stream of deferred payments back to the[ir] present dollar value, to ensure that a creditor receives at least the value of its claim [including §§ 1129(a)(7)(A)(ii), 1129(a)(7)(B), 1129(a)(9)(B)(i), 1129(a)(9)(C), 1129(b)(2)(A)(i)(II), 1129(b)(2)(B)(I), and 1129(b)(2)(C)(i)] . . . . We think it likely that Congress intended bankruptcy judges and trustees to follow essentially the same approach when choosing an appropriate interest rate under any of these provisions. Moreover, we think Congress would favor an approach that is familiar in the financial community and that minimizes the need for expensive evidentiary proceedings.

<u>Id.</u> at 474-75 (citation and footnote omitted).

The Supreme Court acknowledged that courts may use a different approach in the chapter 11 context because in some instances there may be an "efficient market" for chapter 11 cramdown loans:

> Because [in chapter 13] every cramdown loan is imposed by a court over the objection of the secured creditor, there is no free market of willing cramdown lenders. Interestingly, the same is not true in the Chapter 11 context, as numerous lenders advertise financing for Chapter 11 debtors in possession. See, e.g., Balmoral Financial Corporation, http://www.balmoral.com/bdip.htm (all Internet materials as visited Mar. 4, 2004, and available in Clerk of Court's case file) (advertising debtor in possession lending); Debtor in Possession Financing: 1st National Assistance Finance Association DIP Division, http://www.loanmallusa.com/dip.htm (offering "to tailor a financing program . . . to your business' needs and . . . to work closely with your bankruptcy counsel"). Thus, when picking a cramdown rate in a Chapter 11 case, it might make sense to ask what rate an efficient market would produce. In the Chapter 13 context, by contrast, the absence of any such market obligates courts to look to first principles and ask only what rate will fairly compensate a creditor for its exposure.

<u>Id.</u> at 476, n.14.

Thus, in the chapter 11 context, when an efficient market exists, the bankruptcy court may use the market rate of interest;

3

if no such market exists, courts are to use the formula approach. In re Dunlap Oil Co., Inc., 2014 WL 6883069, at *19 (9th Cir. BAP Dec. 5, 2014) (citing cases). Neither party here contends that there is an efficient market for the loan at issue.

Creditor contends that Debtor bears the burden of proof to introduce "sufficient evidence" to establish that proposed adjustments to the interest rate will take into consideration the "term of deferment of present use and risk of default as affected by any security." In re Linda Vista Cinemas, LLC, 442 B.R. 724, 748 (Bankr. D. Ariz. 2010) (citing In re Camino Real Landscape Maintenance Contractors, Inc., 818 F.2d 1503, 1507 (9th Cir. 1987)). However, in Linda Vista, what the bankruptcy court said was that the Ninth Circuit has "suggested" that the debtor bears this burden. The court in Linda Vista acknowledged that the Supreme Court in Till placed the burden of proof on the creditor in a chapter 13 confirmation dispute to establish the appropriate "build up" to the prime rate, based on the identified risk factors. Linda Vista, 442 B.R. at 749 n.13. The burden of proof issue was not squarely before the court in either Linda Vista or Camino Real, and the Linda Vista court did not purport to resolve the issue. Till was decided subsequent to Camino Real, so to the extent Camino Real can be read to place the burden of proof on the debtor, that holding would have been overruled by Till as to the burden of proof regarding the appropriate risk premium to be added to the prime rate.

The burden of proof regarding plan confirmation requirements is the same in both the chapter 11 and chapter 13 contexts. Yet the Supreme Court has placed the burden on the creditor to present

evidence supporting the appropriate upward adjustment to the prime rate in the chapter 13 cramdown context. The Court sees no reason why the burden of proof in a chapter 13 case as to the appropriate risk premium should be any different in the chapter 11 context, and has found no case law suggesting otherwise. In fact, the Ninth Circuit BAP has recently interpreted <u>Till</u>'s burden of proof holding as applicable in chapter 11. <u>See</u> <u>Dunlap Oil</u>, 2014 WL 6883069, at *20 ("[Creditor] overlooks that the Supreme Court in <u>Till</u> placed the evidentiary burden on the creditor to present evidence of a higher interest rate (the portion associated with the risk factor), reasoning that the creditors are likelier to have readier access to any information absent from the debtor's filing.") A chapter 11 creditor is no less likely than a chapter 13 creditor to have "readier access" to information regarding the appropriate risk premium. Accordingly, the Court concludes that the creditor bears the burden of proof with respect to the appropriate risk premium in the chapter 11 cramdown context.

**\*\*\*END OF MEMORANDUM DECISION\*\*\***

Court Service List